UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANDREW J. SALES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00030-SEP |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Complaint under 42 U.S.C. § 1983, Doc. [1]. For the reasons set forth below, Plaintiff must file an amended complaint.

Plaintiff attempts to assert multiple claims against eighteen defendants, including claims for (1) deliberate indifference to his serious medical needs; (2) denial of access to courts; (3) ineffective assistance of counsel; (4) retaliation in violation of the Eighth Amendment; (5) interference with legal mail; (6) violation of his due process rights under the Fourteenth Amendment; (7) unlawful conditions of confinement in violation of the Eighth Amendment; and (8) First Amendment retaliation. *See* Docs. [1], [2-1]

Although Plaintiff may join in one action as many claims as he has against a *single* defendant, *see* Fed. R. Civ. P. 18(a), when *multiple* defendants are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence, or series of transactions or occurrences, and presents common questions of law or fact. Unrelated claims against different defendants belong in different suits. Plaintiff must decide what claims to pursue in this lawsuit and what claims he wishes to pursue in any separate lawsuit(s). Plaintiff will be required to amend his complaint on a Court-provided form. He may seek additional complaint forms from this Court by contacting the Court Clerk.

The filing of an amended complaint replaces the original complaint and all previously filed pleadings. Therefore, Plaintiff must include every claim he wishes to pursue in the amended complaint against the newly named defendant(s). *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended

complaint supersedes an original complaint and renders the original complaint without legal effect."). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*.

Plaintiff's claims should be clearly set forth in the "Statement of Claim" section of the Court-provided form. He should not use additional supplements to set forth his "Statement of Claim." His allegations may not be conclusory. Instead, Plaintiff must plead facts that show how every defendant is personally involved in or directly responsible for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff should also specify whether he sues each defendant in their individual capacity, official capacity, or both.

If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days of the date of this Order and in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has also moved for appointment of counsel, Doc. [3]. A litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Id*. (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers such factors as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*. (quoting *Phillips*, 437 F.3d at 794).

On review of the factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has so far shown that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. Because the Court recognizes that circumstances may change, the motion is denied without prejudice, meaning that the Court will consider future motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FINALLY ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within twenty-one (21) days of the date of this Order, in accordance with the instructions herein.

Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 8th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE